BOROUGH OF NORWOOD, A MUNICIPAL CORPORATION IN THE COUNTY OF BERGEN, STATE OF NEW JERSEY, PLAINTIFF, v. BLOCK 34, LOT 373; ASSESSED TO JOHN DITTMAS, JR., *ET ALS.*, DEFENDANTS.

BOROUGH OF NORWOOD, A MUNICIPAL CORPORATION IN THE COUNTY OF BERGEN, STATE OF NEW JERSEY, PLAINTIFF, v. BLOCK 35, LOT 315; ASSESSED TO SHIPLEY SURETY TRUST CO., *ET ALS.*, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided November 2, 1961.

*Mr. Robert D. Gruen,* attorney for the plaintiff.

*Mr. Herbert Harvey, pro se.*

GRIMSHAW, J. S. C.  This matter is before the court on a stipulation of facts agreed to by the plaintiff and respondent.  It concerns the propriety of certain steps taken by Norwood under the *In Rem* Tax Foreclosure Act, *N. J. S. A.* 54:5–104.29.  The parties have agreed that the prescribed statutory time has elapsed since the date of the tax sale whereby a municipality is entitled to foreclose all outstanding equities of redemption.  But it is the contention of Harvey that since the names set forth in the tax foreclosure list, which appears in both the complaint and the advertised notice, are not the names of persons who were, or are, the owners of the properties in question, the notice given by Norwood fails to comply with the statutory requirements of the *In Rem* Tax Foreclosure Act as interpreted by the Supreme Court in *Teaneck Tp. v. Block 427, Lots 9–10,* 19 *N. J.* 386 (1955).

Norwood, on the other hand, argues that since the correct names of the owners appear in the transferee list of the complaint and the names set forth in the tax foreclosure list

are those which appear on the last tax duplicate for 1960, the statutory requirements are satisfied.

Harvey also alleges, as additional grounds for dismissing Norwood's complaint, that the published notice of foreclosure was defective in that (1) the advertised notice of the foreclosure omitted the name of the plaintiff's attorney, and (2) said notice also omitted the certification of the tax collector to the tax foreclosure list contained therein. It should be noted, however, that Harvey and Norwood agreed in their stipulation of facts that, "The Complaint discloses plaintiff's attorney and contains a copy of the tax foreclosure list which does include certification by the tax collector."

Harvey further contends that the tax certificates for certain parcels involved in this litigation were defective in that they failed to set forth a resolution of the governing body authorizing a resale.

■ Harvey takes the position that although the Borough of Norwood complied with the requirements of *N. J. S. A.* 54:5–104.35, the notice given was defective. He relies upon an alleged defect of notice to the true owner of the properties in question and says that this defect may some day impair his rights of redemption, if and when he decides to redeem. It seems to me that if Harvey wishes to attack the propriety of Norwood's notice he must show that he is ready and willing to redeem the property if the true owners cannot.

■ The notice given by Norwood in the instant case followed the letter of the statute. While the extent of this notice may be considered inadequate or unfair, that is what the Legislature has prescribed. As our Supreme Court said in *City of Newark v. Yeskel,* 5 *N. J.* 313 (1950), at *pages* 316–317:

" 'It should also be borne in mind, at the risk of otherwise reaching erroneous conclusions, that neither the right to redeem nor the right to receive notice of redemption, is an absolute right, existing independently of statute, but occurs solely by legislative grace, which, in the absence of constitutional requirements to the contrary, it is entirely within the power of the law making body to enlarge, curtail or withhold altogether, and that while the right to receive notice

can never logically occur without the concomitant right to make redemption, the latter is not necessarily, nor even ordinarily, a correlative from which the right to notice may be implied, but is usually much more extensive, and the right to notice must therefore be independently authorized.' "

And, at *page* 323:

"It must be observed that a tax proceeding is not a suit between parties but is the exercise of the sovereign's prerogative power *to* tax. The state is the one party; the property the other. The doctrine to be evolved from the cases is that where the owner of property is given the right to redeem by statute and has had the opportunity to contest the assessment, the extinguishment of his rights in the property, either by the tax sale itself or by subsequent proceedings, may be accomplished by a strict adherence to the enabling statute which may limit the notice to be given of the proposed action to bar the right of redemption to posting or publication or no notice other than the statute itself, and any of said forms of notice shall be sufficient to satisfy the requirements of constitutional due process both as to residents and nonresidents."

█ As to the other defects complained of by Harvey it is my opinion that they do not go to the essentials of notice under the *In Rem* Tax Foreclosure Act, and that, furthermore, Harvey was not prejudiced thereby. See *Lakewood Tp. v. Block 251, Parcel* 34, 48 *N. J. Super.* 581 (*App. Div.* 1958); *Borough of Paramus v. Ridgewood Park Estates,* 42 *N. J. Super.* 369 (*App. Div.* 1956).

The motion to dismiss the complaint will be denied.